

# SCHNELLER LAW PLLC

98 Boynton Ave.
Plattsburgh, New York 12901

www.schnellerlaw.com     Phone: (518) 647-8877     dean@schnellerlaw.com

February 26, 2025

Hon. Gary L. Favro
U.S. Magistrate Judge
Gateway Building
14 Durkee Street, Suite 350
Plattsburgh, New York 12901

                Re: *United States v. Daniel Lanfrit* (No. 8:25-mj-00042 (GLF))

Dear Judge Favro,

      As you'll recall, I represent the Defendant and I am writing in connection with the above-captioned matter, specifically, to provide additional information following our initial detention hearing conducted yesterday. At the conclusion of yesterday's hearing, the Court reserved and scheduled a continuation of the same hearing for tomorrow morning with a focus on potential conditions that could be imposed to ensure the safety of the community.

      As we know, the Court must impose the least restrictive condition or combination of conditions necessary to "reasonably assure" the defendant's appearance as required and to "reasonably assure" the safety of any person and the community". 18 U.S.C. § 3142(c)(1)(B). In a detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. See United States v. Arena, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995) (citing United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985). "The issue in such a hearing is whether releasing a defendant would pose a danger to the community that would not exist were [the defendant] detained." Rodriguez, 897 F. Supp. at 1463 (citing United States v. Phillips, 732 F. Supp. 255, 267 (D.Mass. 1990).

      For the sake of judicial economy, I will not repeat the facts or arguments from yesterday's hearing. However, I will comment that it was clear from the Pre Trial-Services Report, and any proffers, that the Defendant has lived a law-abiding life in a stable home while maintaining full-time employment, supporting his family, and avoiding drugs/alcohol. Your Honor seemingly recognized these extremely positive elements but understandably expressed concern about the potential access to computer devices. Certainly, we remain supportive of reasonable conditions limiting access to electronic devices but I will note that there has been no allegation that Mr. Lanfrit produced or distributed any material and therefore his alleged

behavior is on the passive side of the spectrum in that he was an alleged observer and possessor or material but not a creator or distributor. This distinction is important because if the Court can impose reasonable conditions to limit access to these devices, the safety of the community is preserved.

In an effort to address the Court's lingering concerns, and upon further discussions with the Defendant's spouse and mother, we'd offer the following proposals:

In addition to the standard conditions, and any other specific conditions, Mr. Lanfrit could be ordered to reside at his long-time residence at 3 Hoffman Road, High Bridge, NJ, with home confinement other than for employment purposes or appointments authorized by pre-trial services. He would not be permitted to have unsupervised contact with his daughter. This option would permit him to retain his employment as a pharmacy technician with CVS.

Alternatively, in the event the Court had concerns about his continued residence with his daughter and/or did not feel his continued employment was paramount, Mr. Lanfrit could reside with his mother and stepfather at their single-family home located at 15 West Harrington Avenue, Beach Haven, NJ. His mother and stepfather who are both retired teachers, live alone and there are no children who frequent their residence, they have no firearms, and their two dogs are friendly. His mother explained they have an extra bedroom and are willing and able to have Mr. Lanfrit reside with them through the pendency of this case. With respect to electronic devices, they have one smart television—that is not connected to the internet and according to his mother "does not stream"—and other than their cellphones, there are no laptops or other internet capable devices in their home. His mother explained that her husband Terry has the beginnings of dementia and barely uses his cell phone and does not use any other devices. She also confirmed there are no children or parks in the immediate vicinity of their home.

Notwithstanding the spectrum of computer access conditions available (i.e. https://www.uscourts.gov/about-federal-courts/probation-and-pretrial-services/post-conviction-supervision/overview-probation-and-supervised-release-conditions/chapter-3-cybercrime-related-conditions-probation-and-supervised ) taking a conservative approach, we'd recommend and support a blanket prohibition on any use or possession of any standard computer device. Such condition would be: *You are restricted from any personal use of standard computer devices (desktop/laptop computer, smart phones/tablets)*. In addition, for the non-standard devices, we'd recommend: *Non-standard computer devices possessed or accessible to you (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation/Pretrial Services Office (USPPSO) for risk and need of use. You must permit the United States Probation and Pretrial Services Office (USPPSO) to configure and/or manage approved non-standard devices for compliance with your Court ordered conditions. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.* In the event he was permitted to maintain his employment as a pharmacy technician with CVS, we'd also recommend: *You may also use specialized computer devices outside your residence (i.e., employment agency) but only for their intended use and so long as such*

*computers contain pharmaceutical information/prescriptions for customers and do not link to other websites/browsers.*

Through the supervision of a pre-trial services officer to ensure compliance, these reasonable conditions should satisfy the Court's concerns regarding computer access. I'll also note that, as a practical matter, his spouse and/or mother would present an additional safeguard to prevent his use of any device. Mr. Lanfrit recognizes that if he is allowed this opportunity, any violation would likely result in his prolonged detention.

In addition, we recognize the benefits for both supervision and potential treatment of Court mandated assessments and counseling. To that end, additional conditions are as follows:

*You must participate in a sex offense-specific assessment. [[You must pay the costs of the assessment.]*

*You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). [[You must pay the costs of the program.]*

These Court mandated assessment/treatment programs, to be paid for by Mr. Lanfrit, would allow Mr. Lanfrit to address the root of these allegations and provide him with the tools to avoid any similar allegations in the future.

These above suggestions are representative of options and we remain open to the Court's consideration of different conditions as well.

Thank you for Your Honor's consideration.

Respectfully submitted,

_____
Dean C. Schneller

cc: AUSA Dunham by ECF